UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DONALD RAY NANCE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:15-CV-387-TAV |
| | ) | 3:11-CR-21-TAV-CCS-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 22]. The government filed its response on October 19, 2015 [Doc. 25] and Petitioner replied on November 16, 2015 [Doc. 26]. For the reasons stated below, Petitioner's § 2255 motion [Doc. 22] will be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On August 4, 2010, Petitioner pointed a loaded pistol at his girlfriend and threatened to harm her during a domestic dispute at the couple's residence [Doc. 15 ¶ 4]. Petitioner pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶ 1], admitting in his plea agreement that he was an armed career criminal under 18 U.S.C. § 924(e)—the Armed Career Criminal Act (ACCA)—and "that the sentence of 180 months' imprisonment and 5 years' supervised release [would be] the appropriate disposition of [his] case" [*Id.* ¶¶ 1, 6]. Petitioner went on to "knowingly and voluntarily waive [his] right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" with the exception of motions raising "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 10(b)].

At the time of his August 4, 2010 firearm-related offense, Petitioner had several prior North Carolina convictions, including a 1994 felony breaking-and-entering conviction [Presentence Investigation Report ("PSR") ¶ 29], a 1994 common-law robbery conviction [*Id.*], five 1998 felony breaking-and-entering convictions [*Id.* ¶ 31, 33, 34, 37, 41], two 1998 second-degree burglary convictions [*Id.* ¶ 32, 38], a 1998 robbery-with-a-dangerous-weapon conviction [*Id.* ¶ 39], and a 1998 second-degree kidnapping conviction [*Id.* ¶ 40]. Based on the common law robbery conviction, one of the second degree burglary convictions, and the robbery-with-a-dangerous-weapon conviction, the Court found Petitioner to be an armed career criminal subject to § 924(e)'s 15-year mandatory minimum sentence [Id. ¶¶ 24, 29, 38, 39, 63; Doc. 19].

Petitioner did not appeal his conviction or sentence, and the judgment became final on October 27, 2011. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment."). The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the ACCA—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the current motion for collateral relief three months later, on August 28, 2015 [Doc. 22].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right

2

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The petition's reliance on *Johnson v. United States*, triggers the renewed one-year limitations period under subsection (f)(3). *See In re Windy Watkins*, No. 15-5038, slip op. at 9–10 (6th Cir. Dec. 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, Petitioner's motion falls safely within the window for requesting collateral relief [Doc. 22].

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing *Johnson v. United States*—in which the United States Supreme Court invalidated the ACCA's residual clause as

3

unconstitutionally vague—removed several of his predicate offenses from the scope of § 924(e)'s definition of "violent felony" [Doc. 22 pp. 11–12; Doc. 26 pp. 1–3 (suggesting that these convictions no longer qualify as predicate offenses under the residual clause as a result)].[1]

### A.     Categorization as Career Offender after *Johnson v. United States*

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the

---

[1] The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 25 pp. 3–4]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 15 ¶ 10(b)], it is far from clear that this waiver can be enforced to bar him from challenging a sentence in excess of the maximum authorized by law. *See e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

4

[ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e).[2] *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach,"

---

[2] The Court recognizes that Petitioner entered a Rule 11(c)(1)(C) plea agreement stipulating to application of the ACCA as well as the fifteen-year statutory mandatory minimum contained therein [Doc. 15 ¶ 6], *see* 18 U.S.C. § 924(e) (noting individuals who violate § 922(g)(1) and have three qualifying offenses "shall be . . . imprisoned not less than fifteen years"); Fed. R. Crim. P. 11(c)(1)(C) (allowing government and defendant to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular . . . sentencing factor does or does not apply"), and that some courts have found no cognizable § 2255 claim exists where a petitioner attempts to challenge a sentence imposed in accordance with a Rule 11(c)(1)(C) stipulation based on errors in sentence calculation. *See e.g.*, *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (explaining that sentencing errors are not typically cognizable under § 2255 and that non-jurisdictional, non-constitutional errors of law only support collateral relief where "the claimed error constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice'" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1979)); *United States v. Peterson*, 916 F. Supp. 2d 102, 108–110 (D.D.C. 2013) (explaining petitioner failed to state a cognizable § 2255 claim where he stipulated to sentence in a Rule 11(c)(1)(C) plea agreement because such fact made it "highly unlikely that the [sentencing] error . . . amount[ed] to a miscarriage of justice"). The Court finds the current situation distinguishable. A unique consequence of Johnson is that prisoners improperly subjected to § 924(e)'s mandatory statutory minimum are uniformly left with sentences, stipulated or not, exceeding the congressionally authorized maximum punishment sanctioned for non-ACCA violations of § 922(g)(1). The plain language of § 2255 itself reveals that such claims are quintessentially within the scope of the provision because they challenge a sentence "imposed in violation of the Constitution[,] . . . that the court was without jurisdiction to impose[, and] . . . in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

5

looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each] conviction[]." *Id.* at 2283 (internal quotations omitted).

A review of Petitioner's PSR reveals that several of his prior convictions categorically qualify as "violent offenses" under provisions unaffected by *Johnson*. For example, both robbery convictions [PSR ¶¶ 29, 39] categorically qualify as violent felonies under the use-of-physical-force clause. *See United States v. Bowden*, 975 F.2d 1080, 1082 (4th Cir. 1992) (explaining North Carolina "common-law robbery plainly 'has as an element the use, attempted use, or threatened use of physical force against the person of another");[3] *United States v. White*, 571 F.3d 365, 371 n.5 (4th Cir. 2009) ("White has acknowledged—and we agree—that the substantive North Carolina offense of robbery-with-a-dangerous-weapon is a violent felony under the ACCA"). Further, Petitioner does not contest that at least one of his two second-degree burglary convictions qualifies under § 924(e)'s enumerated-offense clause [*See* Doc. 26 p. 2 (suggesting the Court cannot rely upon the other because it was dismissed by the Court of conviction)]. *See e.g.*, *United States v. Terry*, 547 F. App'x 367, 368 (4th Cir. 2013) ("The elements of second-degree burglary in North Carolina clearly track the definition of 'generic burglary.'"). Even if none of the foregoing convictions qualified as violent felonies independent of the now-defunct residual clause, however, the Court finds Petitioner would nonetheless

---

[3] To the extent Petitioner attempts to rely on *United States v. Carmichael*, 408 F. App'x 769, 770 (4th Cir. 2011), as proof that North Carolina "common-law robbery" does not necessarily have the use, attempted use, or threatened use of physical force as an element [Doc. 26 p. 1], the Court notes that the *Carmichael* decision is unpublished and, as a result, it is not required to rely upon that case in the face of conflicting published decisions from the same Circuit. *See United States v. Ennenga*, 263 F.3d 499, 504 (6th Cir. 2001 (explaining unpublished decisions are not controlling precedent); *see also Bowden*, 975 F.2d at 1082 (explaining North Carolina "common-law robbery plainly 'has as an element the use, attempted use, or threatened use of physical force against the person of another"); *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (holding that conviction under similarly worded Virginia common-law robbery statute constituted a violent felony under § 924(e)(2)).

6

qualify as an armed career criminal in light of the fact that all six of his breaking-and-entering convictions [PSR ¶¶ 29, 31, 33, 34, 37, 41] would. *See Bowden*, 975 F.2d at 1084–85 (finding that the North Carolina offense of breaking-and-entering categorically qualifies as generic burglary and thus a violent felony under the ACCA's enumerated offense clause). Failure to show his sentence was imposed in violation of the laws of the United States is fatal to the claim.

IV. **CONCLUSION**

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 22] will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE