UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:11-CR-21-TAV-CCS-1 |
| DONALD RAY NANCE, JR., | ) ) ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is defendant's *pro se* motion for leave to file an out of time appeal from this Court's Judgment Order dismissing defendant's § 2255 motion [Doc. 30]. Defendant states that it was several months before he received a copy of this Court's memorandum opinion [Doc. 27], and therefore asks for permission to file an out of time appeal based on excusable neglect [Doc. 30].

In its memorandum opinion denying defendant's § 2255 motion, the Court considered on the merits his arguments that the Supreme Court's decision in *Johnson v. United* States, 135 S. Ct. 2551 (2015) removed several of his predicate offenses from the scope of 18 U.S.C. § 924(e)'s definition of "violent felony" [Doc. 27]. The Court found that, notwithstanding the decision in *Johnson*, at least three of defendant's prior convictions still qualified as "violent felonies" under § 924(e), and therefore defendant failed to demonstrate that his sentence was imposed in violation of the laws of the United States.

Even if defendant's untimeliness was excusable, he nevertheless cannot appeal for lack of a certificate of appealability. A certificate of appealability will issue only when a

defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a claim has been dismissed on the merits, a substantial showing is made if jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or if jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court notes that in its Order denying defendant's § 2255 it stated:

The Court will CERTIFY any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will DENY Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability SHALL NOT ISSUE. 28 U.S.C. §2253; Rule 22 of the Federal Rules of Appellate Procedure.

[Doc. 27].

Because this Court has already decided that defendant is unable to make a substantial showing of the denial of a constitutional right based on the merits, his motion for extension of time to file an appeal is **DENIED**. Should defendant wish to challenge this Court's ruling, or apply for leave to file a second § 2255 motion, those requests are properly made to the Sixth Circuit. *See* 28 U.S.C. §§ 2244(b), 2253(c), 2255(h).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE